# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JAMES DIXON, | CASE NO. 1:09-CV-00657-AWI-DLB PC |
| Plaintiff, | ORDER REGARDING FILINGS BY PARTIES |
| v. | (DOCS. 24, 27) |
| JAMES A. YATES, et al., | |
| Defendants. | ORDER STRIKING PLAINTIFF'S OPPOSITION AS UNSIGNED (DOC. 27) |
| / | RESPONSE DUE WITHIN 30 DAYS |

Plaintiff Robert James Dixon ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). This action is proceeding on Plaintiff's amended complaint against Defendants F. Igbinoza and J. Diep[1] for violation of the Eighth Amendment. Pending before the Court is Defendant Igbinoza's motion to dismiss, filed September 20, 2010, for Plaintiff's failure to exhaust administrative remedies. Def.'s Mot. Dismiss, Doc. 24. On November 5, 2010, Plaintiff filed his opposition to Defendant's motion. Pl.'s Opp'n, Doc. 27. Defendant filed a reply on November 29, 2010. Doc. 29.

The Court notes deficiencies in both parties' filings. Regarding Defendant Igbinosa's motion, Defendant submits Exhibit A, which purports to be a copy of Plaintiff's inmate grievance. Defendant's counsel submits a declaration from counsel attempting to authenticate this document. Pursuant to Federal Rule of Evidence 901, authentication can be accomplished by testimony of a witness with knowledge. However, Defendant's counsel does not demonstrate

---

[1] Defendant Diep has not been served or appeared in this action.

1

1  what knowledge Defendant's counsel has to testify that the exhibit is what it is claimed to be.
2  Defendant's counsel does not work at the prison and does not typically deal with inmate
3  grievances.  Thus, the exhibit is not properly authenticated.  The Court will provide Defendant
4  with an opportunity to authenticate.  Failure to authenticate in a timely manner will result in the
5  Court striking such evidence.

6        Regarding Plaintiff's opposition, it is unsigned.  Unsigned filings cannot be considered by
7  this Court and are stricken.  Fed. R. Civ. P. 11(a).  Plaintiff will be provided an opportunity to
8  submit a signed opposition.  Failure to submit a proper, signed opposition will result in
9  Plaintiff's waiver of opportunity to file opposition.[2]

10        Based on the foregoing, it is HEREBY ORDERED that:

11    1.    Plaintiff's opposition, filed November 5, 2010, is STRICKEN as unsigned;

12    2.    Plaintiff is granted thirty (30) days from the date of service of this order in which
13         to file a signed opposition.  Failure to timely file will result in Plaintiff's waiver of
14         opportunity to file opposition;

15    3.    Defendant is granted ten (10) days after Plaintiff timely serves his opposition in
16         which to file his reply; and

17    4.    Defendant is granted thirty (30) days from the date of service of this order in
18         which to file documents to properly authenticate Exhibit A to Defendant's motion
19         to dismiss.  Failure to timely file will result in Defendant's waiver of opportunity
20         to authenticate.

21  IT IS SO ORDERED.

22     Dated:   __May 3, 2011__              __/s/ **Dennis L. Beck**__
                                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff suggests that he exhausted administrative remedies via an inmate grievance.  Doc. 27.  However, Plaintiff does not provide a complete copy of the grievance.  Defendant also does not produce this grievance.

2