# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JAMES DIXON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-CV-00657-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT IGBINOSA'S MOTION TO DISMISS BE GRANTED (DOC. 24)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendation**

**I.　Background**

　　Plaintiff Robert James Dixon ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). This action is proceeding on Plaintiff's amended complaint against Defendants F. Igbinoza and J. Diep[1] for violation of the Eighth Amendment. Pending before the Court is Defendant Igbinoza's motion to dismiss, filed September 20, 2010, for Plaintiff's failure to exhaust administrative remedies. Def.'s Mot. Dismiss, Doc. 24. On May 31, 2011, Plaintiff filed his opposition to Defendant's motion.[2] Pl.'s

---

[1] Defendant Diep has not been served or appeared in this action.

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on April 30, 2010. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); *see* Second Informational Order, Doc. 13.

1

Opp'n, Doc. 35.[3]  The matter is deemed submitted pursuant to Local Rule 230(l).

## II.     Summary of Amended Complaint

Plaintiff received a prostate biopsy at an outside clinic on August 1, 2008.  Am. Compl. 1.  On August 4, 2008, during a D-yard clinic visit with Plaintiff, doctor Paja called the outside clinic and learned that the biopsy results indicated Plaintiff had prostate cancer.  First Am. Compl. ("FAC") 1.  The treatment for this cancer was not chemo or radiation, but a radical prostatectomy.  FAC 1.  Plaintiff received a copy of the biopsy results from urologist doctor Sable of the outside clinic, who set a time line of 90 days for the surgery.  FAC 2.  Plaintiff handed a copy of these results to Defendant Doctor John Diep at PVSP.  FAC 2.  It was understood that surgery was urgent.  FAC 2.  Defendant Diep read the results of the biopsy, placed a copy into Plaintiff's file, and faxed a copy to Doctor Pido.  FAC 2.  Surgery was set for September 10, 2009, with doctors Sable and Hennary, who were to perform the surgery and repair a hernia.  FAC 3.

On August 15, 2008, Plaintiff was called to D-yard clinic, where Dr. Pido informed Plaintiff that he was being transferred out of PVSP because it was a valley fever area and chemo treatment weakened the immune system.  FAC 3.  Plaintiff informed Dr. Pido that he was not going to receive chemo, but surgery.  FAC 3.  Dr. Pido informed Plaintiff that there was no request for urgent surgery in his file, and that the transfer order had already been sent to Defendant CMO Igbinosa to be signed.  FAC 3-4.  Registered nurse M. Griffith informed Dr. Pido that a transfer would prolong the date of surgery past the recommended time line.  FAC 4. Dr. Pido stated again that the transfer was done.  FAC 4.  Defendant Igbinosa signed the transfer order on August 15, 2008, with full knowledge of risk of prolonging the time before surgery. FAC 4.[4]

///

---

[3] The parties' filings were found to be deficient.  Defendant's exhibit A in support of his motion was not properly authenticated.  Plaintiff's opposition, filed November 5, 2010, was not signed.  The parties were ordered to supplement their filings.  Defendant submitted an authenticated Exhibit A on May 10, 2011. Doc. 35.  Plaintiff submitted his signed opposition on May 31, 2011.  Doc. 36.

[4] Plaintiff's claims against Defendant Diep are omitted as unnecessary for purposes of this motion.

### III. Exhaustion Of Administrative Remedies

#### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

#### B. Discussion

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15, § 3084.1 (2010). At the time the grievance was filed, the process was initiated by submitting a CDC Form 602. *Id.* § 3084.2(a). Four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the

1  process is initiated by submission of the appeal to the informal level, or in some circumstances,
2  the first formal level. *Id.* §§ 3084.5, 3084.6(c). In order to satisfy § 1997e(a), California state
3  prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v.*
4  *Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201. Exhaustion does not *always*
5  require pursuit of an appeal through the Director's Level of Review. What is required to satisfy
6  exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the
7  appeal. *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of
8  exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36
9  (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

10  Defendant contends that Plaintiff did not exhaust administrative remedies regarding this
11  claim. Def.'s Mot. Dismiss 5:17-6:6, Doc. 24. Defendant contends that Plaintiff's inmate
12  grievance No. PVSP-D-09-00245, which Plaintiff cites as his inmate grievance regarding this
13  claim, failed to exhaust administrative remedies. Def.'s Ex. A., Doc. 35. Defendant contends
14  that the grievance failed to "'alert[] the prison to the nature of the wrong for which redress is
15  sought.'" *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting *Strong v. David*, 297
16  F.3d 646, 650 (7th Cir. 2002)).

17  Plaintiff contends that his grievance was partially granted at the first level of review, and
18  that partial grants are the equivalent of exhaustion of available administrative remedies. Pl.'s
19  Opp'n, Doc. 36. In support of his contention, Plaintiff attaches form CDC 128C as Exhibit A,
20  which was allegedly signed by Defendant Igbinosa on August 15, 2008, and authorized
21  Plaintiff's transfer from Pleasant Valley State Prison because of his medical condition and the
22  presence of valley fever in the area.

23  Having reviewed the submitted documents, the Court agrees with Defendant. Grievance
24  No. PVSP-D-09-00245 concerned Plaintiff's grievance with the rough transportation from
25  Pleasant Valley State Prison to outside specialty clinics. There is no mention of any issues
26  regarding being transferred to another prison. Grievance No. PVSP-D-09-00245 thus does not
27  exhaust Plaintiff's claim against Defendant Igbinosa, as it failed to alert the prison of the wrong
28  for which redress was sought. *Griffin*, 557 F.3d at 1120. Plaintiff's argument that partial grants

of inmate grievances constitute exhaustion is unsupported by any case law. Plaintiff's Exhibit A is not evidence that demonstrates exhaustion, as a form CDC 128 C is not a proper method for exhausting administrative remedies in CDCR. Plaintiff has failed to exhaust administrative remedies as to his claims against Defendant Igbinosa. The proper remedy is dismissal of Plaintiff's claim without prejudice. *Wyatt*, 315 F.3d at 1120.

### IV.  Conclusion And Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that

1. Defendant Igbinosa's motion to dismiss for Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a), filed September 20, 2010, should be GRANTED;
2. Plaintiff's claim against Defendant Igbinosa be dismissed without prejudice; and
3. Defendant Igbinosa be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **July 8, 2011**            /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE